**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TROY LEE PERKINS, #1480826,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0269-D-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Plaintiff, a state inmate, filed a *pro se* civil rights complaint along with a motion for leave to proceed *in forma pauperis*.  Doc. 10; Doc. 11.  For the reasons that follow, it is recommended that this case be summarily dismissed as barred by three strikes.

## I. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).  The United States Court of Appeals for the Fifth Circuit previously found Plaintiff was barred from pursuing a federal civil action by three strikes.  *Perkins v. Chatham*, 538 F. App'x 550, 552 (5th Cir. 2013); *see also  Perkins v. Texas*, No. 313-CV-4547-P, 2013 WL 6869366, at *3 (N.D. Tex.

Dec. 30, 2013); *Perkins v. Collins*, No. 9:13CV98, 2013 WL 3833195, at *1 (E.D. Tex. July 22, 2013).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  In the case *sub judice*, Plaintiff only complains of false imprisonment, unlawful restraint, bad faith prosecution, denial of due process, conspiracy and deprivation of rights.[1]  Doc. 10 at 3-4.  Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.

In his motion to proceed *in forma pauperis* Plaintiff alleges for the first time that he has "been seriously injured many times," and that "these injuries are irreparable."  Doc. 11 at 2.  He also avers that he is "psychiatric patient" who is "forcefully detained" and falsely imprisoned in a state penal institution.  *Id.*  To the extent Plaintiff asserts his life is in imminent danger, his allegations are not credible.   Plaintiff avers that his injuries occurred on April 2, 2011, several years before he signed his amended complaint on March 7, 2016, and he has failed to proffer any specific threat made against him in the interim.  Doc. 10 at 6; Doc. 11  at 2.  Indeed, he fails to identify the type or source of danger he posits.  Doc. 11 at 2.  *See Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (holding that allegations of imminent danger must be "specific" and

---

[1] Although Plaintiff initially filed what appeared to be a habeas corpus action, Doc. 3, he later informed the Court that he did not  intend to file a habeas corpus proceeding, but rather a complaint against the state convicting court and various state officials pursuant to 42 U.S.C. § 1983.  Doc. 8; Doc. 9.  The Court notes that the United States Court of Appeals for the Fifth Circuit has twice warned Plaintiff that "repetitive or frivolous motions for authorization [to file a successive habeas application] will invite the imposition of sanctions, including monetary sanctions and limits on his access to federal courts."  *In re Perkins*, No. 14-1000 (5th Cir. Aug. 15, 2014) (denying leave to file a successive habeas petition); *In re Perkins*, No. 13-11382 (5th Cir. Aug. 15, 2014) (same).

"credible")  (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)), *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("a complaint does not satisfy the 'imminent danger' exception" of the PLRA where plaintiff's "claims of imminent danger are conclusory or ridiculous" (citation and quotation omitted)).  More is required to overcome a three-strike bar.

 For the foregoing reasons, the Court concludes that Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

It is recommended that Plaintiff's motions to proceed *in forma pauperis*, Doc. 7; Doc. 11, be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee. [2]

**SIGNED** April 6, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE